UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSARIA NILES and SALVATORE A. BONO

Plaintiff(s),

-against-

WILSHIRE     INVESTMENT     GROUP,     LLC,
AMERICAN     KEY INC., TIERONE     BANK,
GEOFFREY M. PARKINSON, LELAND C. SELBY,
JAMES LAMB, LAURA J. NILES FOUNDATION,
INC., HENRY E. NILES FOUNDATION INC.,
UNITED     STATES     OF     AMERICA/CENTRAL
INTELLIGENCE     AGENCY,     U.S.     ATTORNEY,
E.D.N.Y., and CIA OFFICERS MITCHELL E. KLINE,
LYDIA SPELLMAN, JOHN T. MARTINEZ, and
their commanding superior CIA officers "JOHN
DOE" and/or "JANE DOE",

Defendant(s).

Case No.: 09-CV-3638
(JFB) (ARL)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', WILSHIRE INVESTMENT GROUP, LLC and AMERICAN KEY, INC., MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b) (1) and 12 (b) (6)

Knuckles, Komosinski & Elliot, LLP
Attorney for Defendants
*Wilshire Investment Group, LLC and*
*American Key Inc.*
565 Taxter Road
Elmsford, New York 10523
(914) 345 – 3020
(914) 366 – 0080

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................ii-iv

PRELIMINARY STATEMENT....................................................................1

STATEMENT OF FACTS..........................................................................2-5

STANDARD OF REVIEW.........................................................................5-6

ARGUMENT...........................................................................................7-14

    I.    THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE..............................................7-9

    II.    PLAINTIFFS' HAVE FAILED TO STATE A CAUSE OF ACTION THUS THE AMENDED COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO RULE 12 (b)(6)...................................................................................9

    III.    PLAINTIFFS' PURPORTED CLAIMS ARE BARRED BY THE DOCTRINES OF CLAIM AND ISSUE PRECLUSION.........................................10-12

    IV.    PLAINTIFFS' CLAIMS AS ASSERTED AGAINST WILSHIRE AND AMERICAN KEY SHOULD BE DISMISSED.....................................12-13

    V.    A LITIGATION INJUNCTION MUST BE IMPOSED AGAINST THE PLAITNIFFS TO PREVENT PLAINTIFFS FROM FURTHER ABUSING THE JUDICIAL SYSTEM.............................................................................14

CONCLUSION............................................................................................15

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                   **PAGE**

<u>ATSI Commc'ns v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) ...................................6

<u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007).................................5,6

<u>Colon v. Coughlin</u>, 58 F.3d 865, 869 (2d Cir. 1995) .....................................................10

<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)....................................5

<u>Erickson vs. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007)................6

<u>Exxon Mobil Corp. v. Saudi Basics Indus. Corp.</u>, 544 U.S. 280, 291 (2005).......................1,7

<u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)) ..............................................10

<u>Feinstein v. Chase Manhattan Bank</u>, 2006 WL 898076 (E.D.N.Y. 2006)........................6

<u>Filetech S.A. v. France Telecom S.A.</u>, 157 F.3d 922, 932 (2d Cir. 1998) .................................6

<u>Garvin v. Bank of New York</u>, 2005 WL 1377953 *2 (E.D.N.Y. 2005)............................6

<u>Goddard v. Citibank, N.A.</u>, 2006 U.S. Dist. LEXIS 19651 (E.D.N.Y., Mar. 27, 2006).........9

<u>Hoblock v. Albany County Bd. of Elections</u>, 422 F.3d 77, 85 (2d Cir. 2006)......................7

<u>In re Hartford Textile Corp.</u>, 681 F.2d 895, 897 (2d Cir. 1982)....................................13

<u>Iqbal v. Hasty</u>, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35

(2d Cir. June 14, 2007)......................................................................................6

<u>Kontrick vs. Ryan</u>, 540 U.S. 443, 445, 124 S.Ct. 906. 157 L.Ed.2d 867 (2004).

<u>Lau v. Meddaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000).....................................................13

<u>MacPherson v. State Street Bank and Trust Co.</u>, 452 F. Supp. 2d 133

(E.D.N.Y. 2006).......................................................................................9,10,11

<u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).................................................5

Parra v. Greenpoint Mortgage Co., No. 01 Civ. 2010, 2002 WL 32442231 at *2

(E.D.N.Y. Mar. 26, 2002)……………………………………………………...7-8

Polur v. Raffe, 912 F.2d 52, 57 (2d. Cir. 1990)…………………………………….13

Rene v. Citibank, N.A., 32 F. Supp.2d 539, 543 (E.D.N.Y. 1999)……………………………7

San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336-38 (2005)…...9

Thaler v. Casella, 960 F. Supp. 691, 697-698 (S.D.N.Y. 1997)………………………………7

Trakansook v. Astoria Federal Sav. And Loan Ass'n, 2007 U.S. Dist. LEXIS 28679,

at 17-22 (E.D.N.Y., Apr. 18, 2007)………………………………………………………9,10

United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L.Ed.2d 860 (2002)……….6

**<u>STATUTES</u>**

Fed. R. Civ. P. 12(b) (1)..................................................................1,4,15

Fed. R. Civ. P 12(b) (6)..............................................................1,5,14,15

28 U.S.C. § 1651(a)..............................................................13

## PRELIMINARY STATEMENT

1.      Defendants, Wilshire Investment Group, LLC (hereinafter "Wilshire") and American Key Inc. (hereinafter "American Key"), who may sometimes be collectively referred to as the "Defendants", move for an Order pursuant to Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6) dismissing Plaintiffs', Rosaria Niles and Salvatore Bono (hereinafter "Plaintiffs"), Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

2.      As will be further outlined below, the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over this matter.  Specifically, the Rooker-Feldman doctrine bars, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those documents." Exxon Mobil Corp. v. Saudi Basics Indus. Corp., 544 U.S. 280, 291 (2005).  Accordingly matter should be dismissed pursuant to Fed. R. Civ. P. 12(b) (1).

3.      Even if this Court did have jurisdiction over the Defendants, the Plaintiffs claims should be dismissed as they fail to state even a semblance of a claim against the Defendants Wilshire and American Key whose sole interaction with the Plaintiffs stems from the foreclosure of the Premises.  As such, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) (6).

4.      Finally, the Defendants will seek an Order issuing a litigation injunction against the Plaintiffs to prevent the commencement of repetitive, vexatious and frivolous actions against the within named Defendants.

## STATEMENT OF THE FACTS

5.      The within matter originates from the foreclosure of real property located at 223 Lakeview Avenue West, Brightwaters, New York 11718 (hereinafter the "Premises").

6.      The Plaintiffs herein are the prior mortgagors of the Premises and defaulted on their monthly mortgage payments owed to Defendants and its assignors.

7.      A foreclosure action was commenced against the subject Premises and a Judgment of Foreclosure and Sale was entered on November 16, 2007.  A copy of the Judgment of Foreclosure and Sale is annexed hereto as **Exhibit "A"**.

8.      On or about February 8, 2008, the Note and Mortgage were assigned to Wilshire[1].  A copy of the Assignment of Mortgage is annexed hereto as **Exhibit "B"**.

9.      The foreclosure sale of the subject Premises was held on April 8, 2009[2], and Wilshire was deemed the highest bidder and acquired title over the Premises.  A copy of the Referee's Report of Sale is annexed hereto as **Exhibit "C"**.

10.     On or about April 14, 2009, Wilshire allowed its bid from the foreclosure sale to be assigned to include American Key.  A copy of the Assignment of Bid is annexed hereto as **Exhibit "E"**.

---

[1] With respect to the history regarding all litigation prior to the Defendants' purchase of the note and mortgage for the subject Premises, I respectfully refer to the facts as alleged in the motion to dismiss submitted on behalf of Defendants Geoffrey M Parkinson, Leland C. Selby, James R. Lamb, the Laura J. Niles Foundation, Inc., and the Henry E. Niles Foundation, Inc.

[2] During the one year period between the issuance of the Judgment of Foreclosure and Sale and the sale date, Plaintiffs filed a number of applications citing ridiculous grounds to contest the validity of the foreclosure action.  A copy of Suffolk County Supreme Court Judge Joseph Farneti's decision, dated April 16, 2009, denying Plaintiffs' motion for a stay of the foreclosure sale is annexed hereto as **Exhibit "D"**.  It is respectfully highlighted that pages 3 and 4 of Judge Farneti's decision lists the multiple actions before a variety of Courts brought by the Plaintiffs herein to vacate the Judgment of Foreclosure and Sale.  All of Plaintiffs' applications were denied.

11.    On or about May 26, 2009, Wilshire and American Key were named as the owners of the subject Premises.   A copy of the Referee's Deed is annexed hereto as **Exhibit "F"**.

12.    On or about June 8, 2009, ten day notices to quit with copies of the Referee's Deed were sent out notifying the Plaintiffs that they must vacate the Premises. Copies of the ten day notices are annexed hereto as **Exhibit "G"**.

13.    Thereafter, a summary proceeding action was commenced with the hearing date scheduled for July 23, 2009, and, on or about August 5, 2009, the Honorable James P. Flanagan of the Fifth District Court of Suffolk County granted the Defendants a Judgment of Possession and Warrant for Eviction.   Copies of the Judgment and Warrant are annexed hereto as **Exhibit "H"**.

14.    On or about August 21, 2009, Plaintiffs filed a Summons Complaint, a copy of which, without the exhibits, is annexed hereto as **Exhibit "I"**.

15.    On that same date, Plaintiffs filed an order to show cause before this honorable Court seeking a preliminary injunction.   Plaintiffs' requested relief was denied by this Court on or about August 25, 2009.   Copies of the order to show cause, without exhibits, and the Court's decision are annexed hereto as **Exhibit "J"**.

16.    On or about September 2, 2009, the Plaintiffs then filed a Verified Complaint against the Defendants and a motion requesting that Judge Farenti recuse himself from the matter.  The Summons, Complaint and Motion for Recusal is annexed hereto as **Exhibit "K."**

17.    Additionally, on that same date, the Plaintiffs filed an Emergency Order to Show Cause before the Honorable Emily Pines to stay the warrant of eviction.  As such,

the Court issued a temporary restraining order.

18.     Thereafter, on or about September 8, 2009, Judge Pines issued an Order vacating the temporary restraining order and allowing the Defendants herein to move forward with the eviction of the Plaintiffs from the Premises.  A copy of that decision is annexed hereto as **Exhibit "L"**.

19.     The Plaintiffs' final request, an oral application for a stay of the eviction, was denied by Judge Flanagan on or about September 17, 2009.  A copy of that decision is annexed hereto as **Exhibit "M"**.

20.     On or about September 23, 2009, the Plaintiffs were evicted from the Premises, and shortly thereafter, Defendants entered into a contract of sale with a third party.  Since then the Premises has been sold and is now owned by a third party.

21.     Thereafter, Judge Farneti issued yet another decision denying Plaintiffs' September 2, 2009 Complaint, which contained identical allegations regarding the Defendants involvement in a network of conspiracy and fraud, and denied Plaintiffs' request that Judge Farneti recuse himself (hereinafter "Farneti's Final Denial").  A copy of Farneti's Final Denial is annexed hereto as **Exhibit "N".**

22.     Recently, Plaintiffs filed and served an Amended Complaint, a copy of which is annexed hereto as **Exhibit "O"**.

23.     By Order, dated November 19, 2010, the honorable Arlene R. Lindsay, deemed the Amended Complaint the operative pleading and terminated Defendants previously filed motion to dismiss with leave to revise and re-notice its motion.  A copy of this decision is annexed hereto as **Exhibit "P"**.

24.     As more fully outlined below, the Court lacks subject matter jurisdiction

warranting dismissal of the instant action pursuant to Fed. R. Civ. P. 12 (b) (1).

26. Additionally, the Plaintiffs have failed to state a cause of action against the Defendants Wilshire and American Key, and any semblance of a claim that is asserted against the Defendants herein have already been adjudicated and dismissed by prior Courts.

26. Accordingly, Defendants Wilshire and American Key should be dismissed with prejudice from the instant action.


## STANDARD OF REVIEW

27. A court deciding a 12(b)(1) motion must assess if the district court lacks the statutory or constitutional power to adjudicate the claim. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. A district court may consider evidence outside the pleadings when resolving a challenge to the court's subject matter jurisdiction. Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

28. With respect to a 12 (b) (6) motion, in Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007), the Supreme Court created a new standard whereby the Plaintiff is required only to plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S.Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The Second Circuit has interpreted Bell Atlantic to require "a flexible

'plausibility standard', which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."   Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 (2d. Cir. June 14, 2007).

29.   Courts have held there is more leniency with *pro se* pleadings. " A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson vs. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).

30.   "However, '[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Garvin v. Bank of New York, 2005 WL 1377953 *2 (E.D.N.Y. 2005).   "Plaintiff's *pro se* statutes notwithstanding, 'subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." Feinstein v. Chase Manhattan Bank, 2006 WL 898076 (E.D.N.Y. 2006) *quoting* United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L.Ed.2d 860 (2002).

31.   Thus, when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.   Feinstein v. Chase Manhattan Bank, 2006 WL 898076 (E.D.N.Y. 2006); Kontrick vs. Ryan, 540 U.S. 443, 445, 124 S.Ct. 906. 157 L.Ed.2d 867 (2004).

## POINT 1 – THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE

32.     As mentioned earlier, this Court lacks subject matter jurisdiction over the instant action as the alleged claims are precluded by the Rooker-Feldman doctrine. Plaintiffs seek to have this Court ignore the countless decisions issued by multiple state courts on the allegations relevant to the instant action.

33.     The Rooker-Feldman doctrine precludes federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basics Indus. Corp., 544 U.S. 280, 291 (2005).

34.     To properly invoke Rooker-Feldman, a defendant must show that the Plaintiff: (1) lost in state court; (2) complains of injuries caused by that state court judgment; (3) invites the district court to review and reject the state court judgment; and (4) commenced the federal suit after entry of the state court judgment.   Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2006).

35.     The Court has consistently held that it lacks subject matter jurisdiction over those claims which, "implicate the propriety of the state judgment of foreclosure and eviction – the very issues apparently decided by the state court." Rene v. Citibank, N.A., 32 F. Supp.2d 539, 543 (E.D.N.Y. 1999); see also Thaler v. Casella, 960 F. Supp. 691, 697-698 (S.D.N.Y. 1997) (The Rooker Feldman doctrine "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately the United States Supreme Court."); Parra v. Greenpoint Mortgage Co., No. 01 Civ.

2010, 2002 WL 32442231 at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman").

36.     The injuries alleged in the Complaint with respect to the Defendants herein– that the foreclosure of the subject Premises stemmed from fraud regarding the note and mortgage and a network of conspiracy involving all the named Defendants – were ultimately decided in various state court judgments, including the judgment of foreclosure and sale, which found the relevant note and mortgage to be valid.

37.     The gravamen of Plaintiffs' claim as against Wilshire and American Key is that the Defendants misrepresented the facts to the state court in the *foreclosure* proceeding and participated in the alleged conspiracy against the Plaintiffs.

38.     To the extent that Plaintiffs ask that this Court find the judgment of foreclosure to be invalid, such claims are barred by the Rooker-Feldman doctrine, as they seek to relitigate the precise issues  decided by the state court, which meets the substantive Rooker-Feldman requirementthat "the federal plaintiff...seek[s] federal court review and rejection of the state court judgment." Hoblock, 422 F.3d at 85.

39.     Moreover, these same claims were presented to the Appellate Division, Second Department and the United States Bankruptcy Court for the Eastern District, and both Courts denied Plaintiffs' applications for relief.   All of these decisions were rendered prior to the relief that the Plaintiffs seek before this Court.  Please see **Exhibit "D"**.  Thus, in essence, Plaintiffs are asking the Court to review and reject the decision of the state court, which is in direct contravention of the Rooker-Feldman doctrine.

40.     As such, it is respectfully requested that the honorable Court dismiss Plaintiffs' motion in its entirety for lack of subject-matter jurisdiction.

## POINT II – PLAINTIFFS' HAVE FAILED TO STATE A CAUSE OF ACTION THUS THE AMENDED COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO RULE 12 (b)(6)

41.     Throughout the 177 paged Amended Complaint containing allegations in 342 paragraphs, the Wilshire and American Key Defendants are mentioned sparingly. To the extent Defendants are mentioned, it is with respect to their involvement in the underlying foreclosure action, which claims as discussed above, are barred by the Rooker-Feldman doctrine.

42.     While the Defendants are mentioned with respect to entity status, their acquired ownership interest in the subject Premises, the foreclosure sale and ultimate eviction of Plaintiffs from the subject Premises, these incomprehensible statements fail to represent a viable cause of action to allow the Court to reasonably infer that Defendants are liable under any of the claims asserted.

43.     Moreover, Plaintiffs claims seeking relief under New York Penal Law, the First, Fourth, Fifth and Fourteenth Amendments cannot be sustained against private individual such as the Defendants herein.

44.     As Plaintiffs have failed to meet the Second Circuit's pleading standard to establish that their claims are "plausible" as alleged, their Complaint should be dismissed as against the Defendant Wilshire and American Key.

## POINT III – PLAINTIFFS' PURPORTED CLAIMS ARE BARRED BY THE

## DOCTRINES OF CLAIM AND ISSUE PRECLUSION

45.    Even if Rooker-Feldman did not require dismissal of the instant action, which is does, preclusion law would bar Plaintiffs' claims.  The Full Faith and Credit Act, 28 U.S.C. § 1738, has long been understood to encompass the doctrines of claim and issue preclusion and to require that federal courts not grant a forum to litigants whose claims have previously been resolved in state court.  Trakansook v. Astoria Federal Sav. And Loan Ass'n, 2007 U.S. Dist. LEXIS 28679, at 17-22 (E.D.N.Y., Apr. 18, 2007) (citing San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336-38 (2005)); MacPherson v. State Street Bank and Trust Co., 452 F. Supp. 2d 133 (E.D.N.Y. 2006); Goddard v. Citibank, N.A., 2006 U.S. Dist. LEXIS 19651 (E.D.N.Y., Mar. 27, 2006).

46.    "Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  Trakansook, supra at 18-19 (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

47.    However, issue preclusion or collateral estoppel, requires a showing that: "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding."  Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995).

48.    Here, the elements required for both claim preclusion and issue preclusion are present.

-10-

49.     A final judgment on the merits was entered in the state court litigation, namely, the judgment of foreclosure and sale.  The parties in that litigation were the same as those now before this court.  Moreover, Plaintiffs could have presented their constitutional claims in the state court foreclosure litigation.  Finally, both the state court litigation and the instant action, as relates to Wilshire and American Key, arise from the same transaction or series of events, to wit, an alleged conspiracy and fraud resulting in the foreclosure of the subject Premises, the state court's issuance of a Judgment of Foreclosure and Sale, and the subsequent purchase of the subject Premises by the Defendant Wilshire at the foreclosure auction.  See MacPherson, 452 F. Supp. 2d at 140-41.

50.     Moreover as indicated by the exhibits submitted herewith and those submitted in connection with the motion to dismiss motion on behalf of Geoffrey M Parkinson, Leland C. Selby, James R. Lamb, the Laura J. Niles Foundation, Inc., and the Henry E. Niles Foundation, Inc., the Plaintiffs have had ample opportunity to litigate, and have litigated, all issues relevant to the instant action.

51.     While Plaintiffs may allege that certain claims invoke legal theories that were not raised in the state court litigation, this is insufficient to overcome preclusion. Under the doctrine of res judicata or claim preclusion, "a prior decision dismissed on the merits is binding in all subsequent litigation between the same parties on claims arising out of the facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." Id.

52.     Finally, it should be noted that in Farneti's Final Decision, he explicitly states that the principles of res judicata and collateral estoppel apply.  Specifically, on page 4 of Farneti's Final Decision (Exhibit N), he states:

> "The Court finds that both actions [motion for preliminary injunction and motion for recusal] concern the foreclosure of the same mortgage transaction secured by the same real property and the issues attendant thereto, and that determinations on the merits were made by numerous courts that TIERONE BANK was entitled to foreclosure the mortgage executed by Niles, that the Judgment of Foreclosure should not be vacated, that no stay of the sale was warranted, and that no stay of the warrant of eviction or judgment of possession was appropriate.  As such, the Court finds that the instant action is barred by the doctrines of res judicata and collateral estoppel."

53.     As other Courts have already heard Plaintiffs' claims and rendered final decisions on them, and have also denied Plaintiffs' attempts to have them re-litigated improperly, the honorable Court should not permit Plaintiff to succeed now.

54.     The Plaintiffs' claims are barred by res judicata and collateral estoppel and should be dismissed, with prejudice.

## POINT IV – PLAINTIFFS' CLAIMS AS ASSERTED AGAINST WILSHIRE AND AMERICAN KEY SHOULD BE DISMISSED

55.     Plaintiffs alleged six counts in their Complaint (See Amended Comp.).

56.     As the Court may notice, the basis of Plaintiffs' first four and sixth claims involve their relationship with Henry and Laura J. Niles and the subsequent litigation regarding the management of the Niles trusts and estate.

57.     While these allegations seem wholly and completely ridiculous, it should be noted that these claims pre-date the involvement of Wilshire, American Key or the foreclosure proceeding.  To the extent Plaintiffs allege that the foreclosure action arose

from circumstances surrounding those claims, the state court has heard and summarily denied any connection.

58.     The allegations regarding the foreclosure proceeding begin in Special Count V on p 155.  While the allegations are difficult to comprehend, the undersigned has construed the basis of Plaintiffs' ramblings to be an attack on the validity of the mortgage documents.

59.     As previously discussed, this matter has already been adjudicated primarily by the Suffolk County Supreme and numerous other Courts, who have all disagreed with the Plaintiffs incredible allegations.

60.     As indicated by Judge Farneti's April 16, 2009 decision (see **Exhibit D**), Plaintiffs contested the foreclosure action in its entirely before numerous courts, and failed, as the Court had already deemed the mortgage documents to be valid.  As such the foreclosure action and the resulting sale to Defendants herein were legitimate and occurred in compliance with the governing laws.

61.     Moreover, Plaintiff's requested relief, a stay of the eviction from the Premises, is moot as same has already occurred and the Premises sold to a third party.

62.     For these reasons, it is requested that the instant action against the Defendants be dismissed in its entirety.

## POINT V – A LITIGATION INJUNCTION MUST BE IMPOSED AGAINST THE PLAITNIFFS TO PREVENT PLAINTIFFS FROM FURTHER ABUSING THE JUDICIAL SYSTEM

63.     "The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute." Polur v. Raffe, 912 F.2d 52, 57 (2d. Cir. 1990) citing In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982); See also 28 U.S.C. §1651(a).

64.     "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment, and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel.' " Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

65.     In the instant action, Plaintiffs have filed countless meritless application before numerous Courts, all of which have been denied.

66.     These repetitious actions have caused the Defendants herein to repeatedly incur unreasonable expenses in the defense of these incredible and frivolous claims.

67.     Moreover, the commencement of these actions is burdensome to the Court who has to review the outrageous claims and render a decision, which is identical to the decisions entered by several other Courts.

68.     The issuance of a litigation injunction would finally prevent the repetitive, vexatious and frivolous filings by the Plaintiff and uphold the integrity and efficiency of the judicial process.

## CONCLUSION

69.     As more fully set forth above, the Plaintiffs' request for actual damages, nominal damages, punitive damages and costs must be dismissed pursuant to the Fed. R. Civ. P. 12(b) (1) and 12 (b) (6), the Rooker-Feldman doctrine, res judicata and collateral estoppel.  Plaintiffs' claims, if they can be deciphered, are baseless and completely unsupported by law.

70.     Moreover, the issuance of a litigation injunction in the instant action is imperative as the Plaintiffs file repetitive, vexatious actions that serve to burden other parties to the action as well as burdens the efficient administration of the Courts.

WHEREFORE, WILSHIRE INVESTMENT GROUP AND AMERICAN KEY, INC., respectfully request that the Court issue an Order pursuant to Federal Rule of Civil Procedure 12 (b) (1) and 12 (b) (6), dismissing the Complaint of the Plaintiffs for lack of subject matter jurisdiction and  failure to state a claim, with prejudice; and that the Court further issue a litigation injunction preventing the Plaintiffs herein from commencing any further actions against the within named Defendants; and for such other and further relief as to this Court seems just and proper.

_____

Mark R. Knuckles (MK -1510)